reside. Teachers and principals may be promoted or transferred from one school to any other school within the city by the board of superintendents, subject to the approval of the board of education; provided, however, that a teacher shall not be transferred from a school in one borough to a school in another borough without his or her consent." As I read this provision, particularly the last sentence, a clear distinction is made between principals and teachers with respect to transfers. "Teachers and principals" may be transferred, "provided, however, that a teacher shall not be transferred * * * without his or her consent." The association of words importing the distinction is too close to justify the interpretation sought by the relator that the term "teacher" was used generically to include a principal. Elsewhere, in section 1091, the teachers and principals are referred to, for other purposes, as "such teacher," the context indicating that the word "teacher" was employed to cover both classes, but the particular provision now considered in plain phrasing of the law excludes principals from the benefit of choice given to teachers in the matter of the place where services are to be rendered. Any doubt upon the subject would seem to be resolved by the further provision of section 1090, that "for all purposes affecting the * * * transfer of the teachers in any school" the principal of the school to which it is proposed to transfer a teacher shall have a seat in the board of superintendents. The word "teacher," as thus used, illustrates the actual distinction intended between teachers and principals with respect to their assignment to other schools. Motion for writ of mandamus denied.

Lawrence E. Kohl, Respondent, v. George J. Jetter, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

William H. Peck, Appellant, v. John A. Peck, Individually and as Executor, etc., of Arza C. Peck, Deceased, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion to limit examination denied, with ten dollars costs. No opinion.

Hattie Miller, Appellant, v. Julius Miller, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Thomas J. O'Neill and Joseph A. Shay, Copartners under the Firm Name of O'Neill & Shay, Appellants, v. Christopher Campbell and James Quinn, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Winifred F. Jones and Others, Respondents, v. Mary Ann Kelly and Others, Impleaded with Eva K. Conlon, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Moritz Frankel, Respondent, v. Frederick Posaner, Appellant. (No. 1.)— Order affirmed, with ten dollars costs and disbursements. No opinion.

Moritz Frankel, Respondent, v. Frederick Posaner, Appellant. (No. 2.)— Order affirmed, with ten dollars costs and disbursements. No opinion.

Elizabeth Logan, Respondent, v. Andrew Logan, Appellant.— Order reversed, without costs, and motion granted to extent stated in order. No opinion. Scott, J., dissented.

In the Matter of the Application of Gerald S. Griffin, Appellant, for a Writ of